IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KYLE ARMSTRONG and KYLE DILGER,<br><br>Plaintiffs,<br>v.<br><br>AMBER SABIN, BENJAMIN SABIN, KEVIN VAN TASSELL, and UINTAH BASIN HOLDINGS LIMITED LIABILITY PARTNERSHIP,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO EXCLUDE<br><br><br>Case No. 2:20-CV-261-TS-DAO<br><br>Judge Ted Stewart |

This matter is before the Court on Defendants Amber Sabin ("Ms. Sabin"), Benjamin Sabin ("Mr. Sabin"), and Uintah Basin Holdings Limited Liability Partnership's (together, the "Motion Defendants") Motion to Exclude Testimony of Expert Derk Rasmussen. For the following reasons, the Court will deny the Motion.

I. BACKGROUND

Plaintiffs Kyle Armstrong and Kyle Dilger are each 30% owners of Liquid Nutra Group ("LNG"), a company based in Vernal, Utah, and Ms. Sabin is a 40% owner.[1] In early 2020, conflict arose between Plaintiffs and Ms. Sabin regarding the operation of LNG.[2] Among other things, Plaintiffs accused Ms. Sabin of using company funds for personal expenses and restricted her access to LNG's accounts, and Ms. Sabin restricted Plaintiffs' access to LNG's

---

[1] Docket No. 47, at 2.

[2] *Id.*

1

QuickBooks files.[3] On April 8, 2020, Plaintiffs posted a notice on LNG's door stating LNG had "determined to lay off all employees at the Vernal, Utah location."[4] Soon after that, Mr. Sabin—Ms. Sabin's husband—formed Uintah Basin Herbals ("Herbals") to attempt to service LNG's customers and employ some of its workers.[5]

On April 17, 2020, Plaintiffs filed a Complaint against Defendants, which included a claim for dissolution of LNG under Utah Code Ann. § 48-3a-701.[6] Ms. Sabin elected to purchase Plaintiffs' interests in LNG pursuant to Utah Code Ann. § 48-3a-702 on July 16, 2020.[7] The parties could not come to an agreement about the value of Plaintiffs' interests,[8] so this Court will hold a valuation hearing to determine the value of Plaintiffs' interests pursuant to Utah Code Ann. § 48-3a-702(8). Now, the Motion Defendants contend that the Court should exclude the testimony from Plaintiffs' expert witness Derk Rasmussen ("Mr. Rasmussen") because his opinions are allegedly irrelevant and unreliable.[9] Plaintiffs submitted their opposition to the motion on April 9, 2021.[10] The Scheduling Order does not permit a reply in support of the motion.[11]

---

[3] *Id.*

[4] *Id.* at 3.

[5] *Id.*

[6] Docket No. 2.

[7] Docket No. 47, at 4.

[8] *Id.*

[9] Docket No. 47.

[10] Docket No. 54.

[11] Docket No. 33.

II. STANDARD OF REVIEW

District courts act as gatekeepers "to ensure the reliability and relevancy of expert testimony."[12] Federal Rule of Evidence 702 allows an expert to testify if

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[13]

The Court must determine whether the expert testimony is reliable, not whether it is absolutely certain.[14] And the Court should "liberally admit expert testimony, and the trial court has broad discretion in deciding whether to admit or exclude expert testimony."[15]

III. ANALYSIS

A. Relevance

The Motion Defendants argue that Mr. Rasmussen's expert testimony should be excluded to the extent it opines on the value of Plaintiffs' interests on any day other than April 16, 2020, because those valuation dates are irrelevant. The Utah statute states that the valuation date is either "the day before the date on which the petition . . . was filed or . . . any other date the district court determines to be appropriate under the circumstances and based on the factors the

---

[12] *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *see also* Fed. R. Evid. 702 advisory committee note to 2000 amendments.

[13] *See* Fed. R. Civ. P. 702.

[14] *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003).

[15] *United States v. Ganadonegro*, 805 F. Supp. 2d 1188, 1197 (D.N.M. 2011) (*United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995); *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 647 (10th Cir. 1991)); *see also United States v. Sparks*, 8 F. App'x 906, 912 (10th Cir. 2001) ("The district court enjoys broad discretion when determining the reliability and relevance of expert testimony.") (unpublished).

district court determines to be appropriate."[16] The Motion Defendants argue that the "default" valuation date is April 16, 2020—the day before Plaintiffs filed the Complaint—and that the parties agreed to a November 9, 2020 deadline to submit motions to alter the valuation date. According to the Motion Defendants, Plaintiffs failed to submit a motion changing the "default" valuation date, so valuation dates other than April 16, 2020, are irrelevant.

This argument ignores the language of the statute. The statute does not establish a presumptive or default valuation date nor does it require the valuation date to be determined prior to the valuation hearing. Rather, it gives the Court discretion to consider the circumstances and factors presented at a hearing to determine the appropriate valuation date. The Motion Defendants have not provided sufficient evidence that the parties agreed to have the Court determine the valuation date in advance, and the Court has not had an opportunity to consider the circumstances and factors necessary to determine the appropriate valuation date. Any arguments regarding the appropriate valuation date are properly left for the valuation hearing. Thus, the Court will deny the Motion to the extent it seeks to exclude Mr. Rasmussen's testimony on alternative valuation dates.

B. Reliability

The Motion Defendants argue that Mr. Rasmussen's opinions are unreliable because 1) he improperly used Herbals' subsequent financial data to estimate LNG's projections as of April 16, 2020; 2) he did not include the discounts applicable to the fair market value standard; 3) he projected 2020 sales increases much greater than the Motion Defendants say is reasonable; 4) he ignored Plaintiffs' damaging actions; and 5) he considered Ms. Sabin's February 2020 offer to sell to determine the value of LNG. These are factual challenges to Mr. Rasmussen's testimony

---

[16] Utah Code Ann. § 48-3a-702(8).

that are not appropriately determined at this stage.[17] These can be flushed out through cross-examination at the valuation hearing, so the Court will deny the Motion without prejudice as to the remaining objections.

## IV.   CONCLUSION

It is therefore

ORDERED that the Motion Defendants' Motion to Exclude Testimony of Expert Derk Rasmussen (Docket No. 47) is DENIED as outlined above.

DATED  April 19, 2021.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[17] *See U.S. Magnesium, LLC v. Ati Titanium, LLC*, No. 2:17-cv-00923-HCN-JCB, 2021 WL 615412, at *3 (D. Utah Feb. 17, 2021) ("[I]f determining 'reliability' requires the court to decide which party's facts are more believable, then the court cannot exclude the expert but must leave it to the fact finder to determine the facts and how much weight to afford the expert's testimony based on that factual determination.").